IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIBEL RODRÍGUEZ-MARRERO,<br><br>Appellant,<br><br>v.<br><br>MARY IDA TOWNSON, UNITED STATES TRUSTEE FOR REGION 21,<br><br>Appellee. | CIV. NO.: 23-1114 (SCC) |

**OPINION AND ORDER**

Maribel Rodríguez-Marrero ("Appellant") has appealed the Bankruptcy Court's denial of her motion to reconsider the order dismissing her bankruptcy case. Docket No. 9. Mary Ida Townson, the United States Trustee for Region 21 ("Appellee" or "U.S. Trustee") has filed a brief in response stating that the Bankruptcy Court did not abuse its discretion when it denied the motion for reconsideration and so its decision should not be disturbed. Docket No. 12. For the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Court's decision.

## I. Background

The genesis of this case dates to a Chapter 13 voluntary petition filed by the Appellant on June 29, 2020. Bankr. No. 22-1857, Docket No. 1. But the case did not remain a Chapter 13 case for long because in October 2020, the Appellant requested that her case be converted to a Chapter 11 case. Bankr. No. 22-1857, Docket No. 43. And that request was granted on November 17, 2022. Bankr. No. 22-1857, Docket Nos. 50 and 51.

However, according to the record, even prior to the conversion of the case, a pattern of unexcused absences and missed deadlines by the Appellant and her attorney began to fester the record.[1] And other than the motion for reconsideration (to be discussed shortly), there are only two documents in the record before the Bankruptcy Court attempting to explain some of the missed deadlines and failed appearances. Bankr. No. 22-1857, Docket Nos. 29 and 69. The

---

[1] The Court will not rehash the specifics of Appellant's missed deadlines and unexcused absences because the Appellee has accurately summarized (with references to the record) that behavior in her brief. Therefore, if specifics are needed, the Court directs the reader's attention to the Appellee's brief, *see* Docket No. 12, pgs. 9-12 or to the record itself.

first is a response from the Appellant to an order to show cause as to why the case should not be dismissed. Bankr. No. 22-1857, Docket No. 29. It is dated August 23, 2022. *Id.* There, the Appellant's attorney stated that he had failed to file the Statement of Financial Affairs since he was under the impression that it had already been filed. *Id.* He therefore proceeded to file the same. *Id.* The record shows that the Bankruptcy Court did not dismiss the case at that juncture.

The second document is dated January 17, 2023. Bankr. No. 22-1857, Docket No. 69. There, the Appellant's attorney explained that "[o]n the second part of Decembe[r] 2022," he was diagnosed with COVID-19 and was unable to work. *Id.* He candidly notes that he failed to inform the Court and the U.S. Trustee of his medical situation. *Id.* He also stated that he failed to inform his client (the Appellant) of a rescheduled hearing and added that he was just "not focusing on [his] pending matters." *Id.* Albeit this motion, the U.S. Trustee moved to have the bankruptcy case dismissed pursuant to 11 U.S.C. § 1112(b). Bankr. No. 22-1857, Docket Nos. 70.

On January 31, 2023, the Bankruptcy Court held a Status Conference. Bankr. No. 22-1857, Docket No. 76. But the

Rodríguez-Marrero v. U.S. Trustee                                                                 Page 4

Appellant and her attorney were both no-shows; only the U.S. Trustee showed up. Bankr. No. 22-1857, Docket Nos. 76 and 93, pg. 2. During the Status Conference the Bankruptcy Court and the U.S. Trustee discussed Appellant's missed deadlines and failure to appear. *Id.* at pgs. 2-5. After hearing from the U.S. Trustee and going over the travel of the bankruptcy case, the Bankruptcy Court ordered the dismissal of the case pursuant to 11 U.S.C. §§ 1112(b)(4)(E), (F), and (H). *Id.*

On February 6, 2023, that is, six days after the Status Conference took place, the Appellant filed a motion for reconsideration of the dismissal order. Bankr. No. 22-1857, Docket No. 78. There, counsel for the Appellant stated that he failed to appear at the Status Conference because of his own "human error." *Id.* at pg. 1. He explained that while he received notice of the Status Conference, his mind was occupied preparing for another case. *Id.* And even though he conceded that the facts relayed in the motion to dismiss filed by the U.S. Trustee were correct and that the motion to dismiss also contained the applicable law, he believed that the "case [could] be put back on track, if the [Bankruptcy Court] so allows, under the conditions it deems appropriate." *Id.* at

Rodríguez-Marrero v. U.S. Trustee                                                  Page 5

pg. 3.

On February 16, 2023, the U.S. Trustee opposed the motion for reconsideration. Bankr. No. 22-1857, Docket No. 79. There, the U.S Trustee argued reconsideration was not warranted under either Federal Rule of Civil Procedure 59(e)[2] (since the Appellant did not point to any manifest error of law or newly discovered evidence) or Federal Rule of Civil Procedure 60(b)(1)[3] (since the Appellant did not advance a "mistake, inadvertence, surprise, or excusable neglect" that would warrant reconsideration). *Id.* (quoting FED. R. CIV. P. 60(b)(1)). Furthermore, the U.S. Trustee averred that, in any event, the motion for reconsideration supported the dismissal of the case "as most of the facts and grounds for dismissal appear to have been admitted by the [Appellant] in her motion." *Id.* at pg. 2. Furthermore, the U.S. Trustee sustained that, ultimately, it was the Appellant's duty to "prosecute her case in a timely manner." *Id.* That same day, the Bankruptcy Court sided with the U.S. Trustee and denied the motion for

---

[2] Federal Rule of Bankruptcy Procedure 9023 incorporates Federal Rule of Civil Procedure 59. *See* FED. R. BANKR. P. 9023.

[3] Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60. *See* FED. R. BANKR. P. 9024.

reconsideration. Bankr. No. 22-1857, Docket No. 80. This timely appeal followed.

## II. STANDARD OF REVIEW

"This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1), which enables district courts of the United States to entertain appeals from final judgments, orders and decrees of the Bankruptcy Court." *In re Redondo Constr. Corp.*, 621 B.R. 81, 82 (D.P.R. 2020). It is axiomatic that "a notice of appeal must specify the orders and judgments that the appellant intends to contest." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 3 (1st Cir. 2002). And in her "Notice of Appeal and Statement of Election," the Appellant marked that she was only appealing the Bankruptcy Court's denial of her motion for reconsideration. Bankr. No. 22-1857, Docket No. 81. So since the sole matter for this Court to review is the Bankruptcy Court's denial of the Appellant's motion for reconsideration, the Court's task is to determine if the Bankruptcy Court abused its discretion when it denied the same. *See In re Asociación de Titulares de Condominio Castillo*, 581 B.R. 346, 355 (B.A.P. 1st Cir. 2018) (recognizing that "[a]n order denying a reconsideration motion may normally be

reversed only for a manifest abuse of discretion.").

And when will the Court find that the Bankruptcy Court abused its discretion? Well, "[a] court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *In re De Jounghe*, 334 B.R. 760, 765 (B.A.P. 1st Cir. 2005). Moreover, "[a]buse of discretion also occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *La Trinidad Elderly LP SE*, 627 B.R. 779, 797 (B.A.P. 1st Cir. 2021) (internal citations and quotations omitted).

### III. ANALYSIS

Appellant advances two main claims; a due process claim and a claim that equity principles were not applied by the Bankruptcy Court. There is a third, claim that was relegated to a one sentence request at the end of the Appellant's brief, namely, a request to shorten the refiling bar. The Court will address each claim in turn.

### A. Appellant's Due Process Claim

The Appellant's due process claim boils down to the following: the Bankruptcy Court violated her due process rights because it did not make findings of fact and conclusions of law when it denied her motion for reconsideration. A look at a mini spiderweb of rules aides the Court in reaching its determination that Appellant's contention is wrong.

Pertinent to the Court's discussion is Federal Rule of Bankruptcy Procedure 9014. That rule pertains to contested matters (such as the Appellant's Chapter 11 case) and incorporates Federal Rule of Bankruptcy Procedure 7052. *See* FED. R. BANKR. P. 9014(c). And it is Rule 7052, in turn, that incorporates Federal Rule of Civil Procedure 52. *See* FED. R. BANKR. P. 7052. Subsections 1 and 3 of Rule 52 are also key to the Court's discussion. Specifically, Rule 52(a)(1) states in pertinent part that "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." FED. R. CIV. P. 52(a)(1). For its part, Rule 52(a)(3) states that "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules

Rodríguez-Marrero v. U.S. Trustee                                                              Page 9

provide otherwise, on any other motion." FED. R. CIV. P. 52(a)(3).

The Appellant exclusively banks on subsection (a)(1) but overlooks subsection (a)(3). Rule 52, however, cannot be cherrypicked, as the Appellant has done here, to try and make an argument work. And here, the Appellant has not offered any supporting caselaw or rule indicating that motions for reconsideration fall under subsection (a)(1)'s bucket instead of subsection (a)(3)'s bucket. So the Court understands that findings of fact and conclusions of law were not necessary here.

Nevertheless, even if Rule 52(a)(1)'s findings of fact and conclusions of law requirement were to apply to motions for reconsideration, the Bankruptcy Court order denying the motion for reconsideration included findings of fact and conclusions of law because it adopted and incorporated by reference the arguments advanced by the U.S. Trustee in opposition to the motion for reconsideration. *See* Bankr. No. 22-1857, Docket No. 80 (stating that the motion for reconsideration was "denied for the reasons stated by the U.S. Trustee" in its opposition at Docket No. 79). The Appellant

has not presented any case law or rule that precludes the Bankruptcy Court from doing what it did. Moreover, the Court has not found any such prohibition.

It is also worth highlighting, yet again, that in her motion for reconsideration, the Appellant conceded that "[u]pon review of the allegations made by the [U.S. Trustee] in its motion [to dismiss]," the same are true. *See* Bankr. No. 22-1857, Docket No. 78, pg. 2. She also did not challenge the applicable law regarding dismissal that was advanced by the U.S. Trustee in the motion to dismiss. *Id.* at pg. 3. And she ultimately conceded that the missed appearances and deadlines were due to "human error." *Id.* at pg. 2. A comparison of Appellant's motion for reconsideration vis-à-vis her appeal confirms that she has essentially reiterated those arguments in her appeal before this Court. To that end, while the Court appreciates the Appellant's candor, the Court cannot accept that candor as a replacement for compliance with Rule 59(e) or Rule 60(b)'s requirements when moving for reconsideration. This Court therefore finds that the Bankruptcy Court did not abuse its discretion when it denied Appellant's motion for reconsideration.

In any event, in situations where the Bankruptcy Court has not stated its findings of fact and conclusions of law "upon which relief was denied," the determination issued by the Bankruptcy Court will, however, be sustained "on any independently sufficient ground made manifest by the record." *In re Indian Motocycle Co., Inc.*, 289 B.R. 269, 277 (B.A.P. 1st Cir. 2003) (internal quotations omitted). So even if the Court would have discredited the argument that by solely adopting the arguments of the U.S. Trustee, but not *separately* stating its findings of fact and conclusions of law the Bankruptcy Court did its job, this Court can still affirm the Bankruptcy Court's determination if the record "sufficiently" supports the same. And that is precisely the case here.

After having reviewed totality of the record, this Court finds that there are sufficient grounds to affirm the Bankruptcy Court's decision to deny the request for reconsideration. For example, when the transcript of the January 31, 2023 Status Conference is examined vis-à-vis the motion for reconsideration, it is evident that reconsideration of the dismissal order was not warranted under either Rule 59(e) nor under Rule 60(b). The transcript makes clear the

Rodríguez-Marrero v. U.S. Trustee                                    Page 12

rationale employed by the Bankruptcy Court judge (which was made based on a review of the record up to that point) that found dismissal to be warranted. Furthermore, it took the Appellant six days to move for reconsideration. And while those six days may not, at first glance, appear to be a considerable amount of time, the motion for reconsideration itself does not advance any groundbreaking argument that would disturb the Bankruptcy Court's decision to have the case dismissed nor does it attempt to cure the deficiencies that were identified in the motion to dismiss and that were patently evident from a review of the record.

Accordingly, having evaluated the Appellant's arguments, the Court can conclude that the Bankruptcy Court did not violate the Appellant's due process rights. Here, findings of fact and conclusions of law were not necessary. But, in any event, the Bankruptcy Court satisfied Rule 52(a)(1) when it adopted and incorporated the findings of fact and conclusions of law advanced by the U.S. Trustee in the motion to dismiss and as discussed, those reasons were enough to warrant dismissal. Furthermore, the record supports the Bankruptcy Court's determination to deny the motion for

reconsideration. To that end, the Bankruptcy Court did not violate the Appellant's due process rights and it did not abuse its discretion when it denied the motion for reconsideration.

## B. Appellant's Claim that the Bankruptcy Court Failed to Apply Equity Principles

The Appellant invokes 11 U.S.C. § 105(a)[4] to argue that the Bankruptcy Court "failed to apply the principles of equity to the case at bar." Docket No. 9, pg. 9. The First Circuit has recognized that Section 105(a) "grants broad authority to the bankruptcy court to reconsider and reverse its prior decisions if necessary to carry out the provisions of the bankruptcy code." *In re Weinstein*, 164 F.3d 677, 686 n. 7 (1st Cir. 1999). And here, the Appellant's attorney resorts to Section 105(a) as a last resort because of the stakes he claims are at play here, to wit, the Appellant's home. *See* Docket No. 9, pg. 13. While it is true that the U.S. Trustee did not address the equity argument raised by the Appellant in her motion for

---

[4] Section 105(a) states that the Bankruptcy Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

Rodríguez-Marrero v. U.S. Trustee                                          Page 14

reconsideration when it opposed that motion (which means that when the Bankruptcy Court adopted the arguments made by the U.S. Trustee it did not address this point) this Court finds that the same reasons used to deny the request for reconsideration equally apply here. Therefore, this Court does not find that the fact that the Bankruptcy Court did not address the equity argument was an abuse of discretion, let alone an abuse of discretion that would warrant the reopening of this case since the record would not support the reopening of this case.

### C.  Appellant's Request for the Refiling Bar to be Shortened

Appellant asks the Court to shorten the bar to refile her bankruptcy case to thirty days if the Bankruptcy Court's decision to deny the motion for reconsideration is affirmed. *See* Docket No. 9, pg. 14. Although this Court will affirm the Bankruptcy Court's decision, the Court finds that the Appellant's request regarding the refiling bar is premature, as the Appellee sustains, *see* Docket No. 12, pgs. 22-24, and the matter should be addressed by the Bankruptcy Court if the Appellant elects to refile her case. More fundamentally, because the matter regarding the filing bar was never raised

in the Appellant's motion for reconsideration it is deemed waived. *See Vaquería Las Martas, Inc.*, 638 B.R. 482, 498-99 (B.A.P. 1st Cir. 2022); *See also In re Knowles,* 442 B.R. 150, 159 (B.A.P. 1st Cir. 2011) (explaining that "[t]he argument is waived because it was not raised below.").

## IV. Conclusion

Considering the above, the Court hereby **AFFIRMS** the Bankruptcy Court's denial of the Appellant's motion for reconsideration.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of February 2024.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE